1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) HUGO RAMIREZ-BARRAGON, ) ) Defendant. ) _____) | CASE NO.   05-535M DETENTION ORDER |

Offense charged:

 Count I: Illegal Reentry After Deportation, in violation of Title 8, U.S.C., Section 1326(a).

Date of Detention Hearing: November 9, 2005.

 The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by Don Reno. The defendant was represented by Bruce Erickson.

 The Government moved for detention, to which the defendant stipulated.

DETENTION ORDER
PAGE -1-

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) The defendant represents a risk of nonappearance due to the following: he is a citizen and national of Mexico who has previously been deported; his ties to the Western District of Washington are unknown/unverified; and the Bureau of Immigration and Customs Enforcement ("BICE") has filed a detainer.

(2) Due to the nature of the instant offense, in combination with the defendant's serious criminal history and unknown background, release of the defendant would present a risk of danger to the community.

(3) The defendant does not contest detention.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

//
//
//

(4)   The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 10th day of November, 2005.

                                 /s/ M. Benton
                                 MONICA J. BENTON
                                 United States Magistrate Judge